**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-01328-JVS-DFM | Date | July 29, 2025 |
|---|---|---|---|
| Title | The People of the State of California et al v. Kyong Su Kim et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Plaintiffs' Motion to Remand [10]**

Plaintiffs, The People of the State of California and the City of Santa Ana (collectively "Plaintiffs") move this Court to remand this case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). (Mot., Dkt. No. 10.) Defendants Kyong Su Kim, Myong Kim, Royal Roman Motel, LLC, Royal Grand Inn, LLC, Nayan Ahir, Ravin (Ray) Ahir, Royal Motel, Inc., Royal Grand, Inc., Marisco El Tapatio Y Antojitos, and Maria Melendez ("Defendants") oppose the motion. (Opp'n, Dkt. No. 11.) Plaintiffs filed a Reply. (Reply, Dkt. No. 13.)

For the following reasons, the Court **GRANTS** the motion.

## I. Background

Plaintiffs filed this action in Orange County Superior Court, alleging that Defendants are using specific properties as "Drug Dens." (Notice of Removal, Ex. 1, Dkt. 1-1, ¶¶ 4–5.) Plaintiffs' complaint also listed Commerzbank AG as a Real Party in Interest. (Id. ¶ 25.) Defendants removed this action from Orange County Superior Court on June 20, 2025, claiming that this Court has federal question jurisdiction over the case. (Notice of Removal, Dkt. No. 1, ¶ 4.) Specifically, although the complaint only brings state law claims, Commerzbank AG is allegedly supervised by the Federal Reserve Bank of New York. (Id. ¶ 5.) Thus, pursuant to 12 U.S.C. § 632, subject matter jurisdiction exists. (Id. ¶ 6.)

## II. Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:25-cv-01328-JVS-DFM             Date  July 29, 2025

Title  The People of the State of California et al v. Kyong Su Kim et al

 Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'"  Id. (quoting Gaus, 980 F.2d at 566).

### III. DISCUSSION

 Defendants removed this action on the basis of federal question jurisdiction, 28 U.S.C. § 1441(a), because Commerzbank AG "is supervised by the Federal Reserve Bank of New York."  (Notice of Removal ¶¶ 4–5.)  Under 12 U.S.C. § 632, all civil suits in which the Federal Reserve bank is a party "shall be deemed to arise under the laws of the United States."  12 U.S.C. § 632.  The parties dispute whether Commercezbank AG is actually a federally chartered bank.[1]  (Mot. at 6; Notice of Removal ¶ 5.)

 However, Plaintiffs have since dismissed Commerzbank AG as a Real Party in Interest, after supposedly receiving information that Commerzbank AG no longer has any interest in the subject properties.  (Notice of Dismissal, Dkt. No. 12; see Declaration of Brandon Salvatierra, Dkt. No. 10-1, ¶ 10.)  Thus, because Commerzbank AG is no longer a Real Party in Interest, the Court does not have subject matter jurisdiction over this case.[2]

---

[1] Because the Court grants the motion on separate grounds, it need not address whether Commerzbank AG falls under the term "Federal Reserve bank" in 12 U.S.C. § 632 and, thus, whether removal was proper in the first place.

[2] Although Plaintiffs stated their intent to dismiss Commerzbank AG in their motion, (Mot. at 6–7), Plaintiffs did not dismiss Commerzbank AG until after Defendants had already filed their opposition.  In their opposition, Defendants state that Commerzbank AG "has not been removed from the Complaint and until that happens, jurisdiction for removal exists."  (Opp'n at 6.)  Thus, Defendants seemingly agreed that, should Commerzbank AG be dismissed, this Court would no longer have subject matter jurisdiction over this matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:25-cv-01328-JVS-DFM                              Date  July 29, 2025

Title     The People of the State of California et al v. Kyong Su Kim et al

Consequently, the Court **GRANTS** the motion to remand this case to Orange County Superior Court, for lack of federal jurisdiction.

2. *Costs and Attorneys' Fees*

"[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiffs state that, because "Defendants did not have an objectively reasonable basis to remove this action to federal court," Plaintiffs should be awarded their costs, actual expenses, and attorneys' fees in bringing this motion. (Mot. at 7.) Specifically, Plaintiffs claim that Defendants removed this action to delay the court's hearing of Plaintiffs' request for preliminary injunction. (Id.)

In response, Defendants claim that fees should not be awarded because, even if one disagrees with Defendants' basis for removal, the removal was not frivolous. The Court agrees. Because Defendants reasonably believed, and were likely correct, that they had a basis for removal under 12 U.S.C. § 632, the Court declines to award costs and fees in relation to this motion.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to remand this case to Orange County Superior Court. The Court declines to award costs or fees in relation to this motion.

**IT IS SO ORDERED.**

The Court **VACATES** the August 4, 2025, hearing.